## No. 659

### ANTLE, In Re.

U. S. Dist. Court, Southern Division of Ohio Eastern Division. No. 5766.

Before F. M. Sinks, Referee in Bankruptcy, Franklin Co. Affirmed by Judge B. W. Hough on July 30, 1927.

**127. BANKRUPTCY—118. Automobiles— Under 11738 GC. term "passenger automobile" does not refer to physical attributes of car, but to uses and purposes to which it is principally devoted, and if evidence is clear and convicing that automobile is essential to business of bankrupt and is principally so used by him, he is entitled to claim it as exempt, provided it is not appraised for more than $500.00; otherwise it must be sold and claim transferred to fund.**

SINKS, REFEREE:

The Bankrupt herein scheduled a Dodge Sedan, Model 1927 as one of his assets, and claimed the same as exempt under 11738 GC.

The evidence discloses that the Bankrupt is a married man living with his family and children and supporting them as best he can, that neither the Bankrupt nor his wife is the

owner of a homestead, and that his business was that of a traveling salesman employed by a responsible firm and that the automobile in question was used almost exclusively in the conduct of the Bankrupt's business, he being on the road six days, of every week, returning home to spend Sundays with his family. Occasionally he used the car on Sunday to take his family riding.

The evidence also discloses that the territory covered by the Bankrupt in the course of his business cannot be conveniently reached by trolley, train, or bus in many instances, and that the employer requires the Bankrupt to furnish an automobile as one of the prerequisites to his employment.

I am of the opinion that the term "passenger car" as used in 11738 GC. does not refer to the physical attributes of the automobile, but relates to the uses to which it is devoted, and that where a debtor uses his automobile principally in the conduct of his business, and it is essential to his business, he is entitled to hold the same to the extent of $500.00 in value in lieu of a homestead.

In case the automobile is appraised in a value to exceed $500.00, it is the duty of the Trustee to offer the same for sale and allow the Bankrupt to bid thereon and if he be the successful bidder, to turn in his exemption claim of $500 on the purchase price, or if he be not the successful bidder, then the Bankrupt may claim $500 out of the fund derived from the sale of said automobile.